THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DONNA M ANDERSON,<br><br>               Plaintiff,<br><br>   v.<br><br>WAL-MART STORES INC,<br><br>              Defendant. | CASE NO. C15-1146 JCC<br><br>ORDER GRANTING MOTION TO DISMISS |

This matter comes before the Court on Defendant's motion to dismiss (Dkt. No. 11). Having thoroughly considered Defendant's briefing[1] and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

## I. BACKGROUND

Plaintiff filed a complaint against Defendant in state court on June 22, 2015 for failing to maintain a safe entryway to its store in Bellingham. (Dkt. No. 5-1 at 2–3.) Defendant removed the matter to this Court on July 20, 2015. (Dkt. No. 1.) Since then, Plaintiff has failed to meet for the required Fed. R. Civ. P. 26(f) conference despite Defendant's repeated requests. (Dkt. No. 12 at 1–4.)

On November 10, 2015, the parties were scheduled to appear before the Court for a status

---

[1] Plaintiff did not respond to Defendant's motion.

conference. (Dkt. No. 10.) On November 9, just one day before the scheduled conference, Plaintiff requested a continuance, which the Court granted. (*Id*.) The status conference was rescheduled for January 12, 2016. (*Id.*)

On the morning of January 12, Plaintiff again informed the Court that she could not attend. The Court was therefore forced to cancel the status conference. That same day, Plaintiff informed Defendant that she would likely be unable to obtain counsel for three more months. (Dkt. No. 12 at 36.) Plaintiff had previously informed Defendant that she needed to obtain counsel in order to prosecute her case. (Dkt. No. 12 at 22.) Counsel for Plaintiff has yet to appear. Plaintiff appears to have been outside of the country both before she filed this case and during its pendency, and there is no indication that she has returned. (*Id.* at 12, 32, 34.)

Defendant now moves the Court to dismiss this case under Local Civil Rule 11(c) because Plaintiff has failed to comply with both the Federal Rules of Civil Procedure and an order of this Court.

## II. DISCUSSION

LCR 11(c) states that "an attorney or party who without just cause fails to comply with any of the Federal Rules of Civil or Criminal Procedure, these rules, or an order of the court… may be subject to such other sanctions as the court may deem appropriate." Plaintiff did not appear for her scheduled status conference on January 12, 2016. That alone merits dismissal for failure to comply with a court order. Moreover, Plaintiff has failed to meet with Defendant for a Rule 26(f) conference despite the requirement that the parties "confer as soon as practicable." Fed. R. Civ. P. 26(f)(1). Thus, Plaintiff has also failed to comply with the Federal Rules of Civil Procedure. Because Plaintiff has not responded to Defendant's motion, she has admitted that the motion "has merit." LCR 7(b)(2).

Indeed it does. It is apparent that Plaintiff is currently unable to prosecute her case in a timely fashion. Should this change in the future, then she may file it again.

## III. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss (Dkt. No. 11) is GRANTED. This case is DISMISSED WITHOUT PREJUDICE.

DATED this 31st day of March 2016.

　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　John C. Coughenour
　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE